UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

v.

MICHAEL BOLDEN,

Movant.

No.  2:11-cr-0054 TLN CKD P

FINDINGS AND RECOMMENDATIONS

Movant a federal prisoner proceeding pro se, has filed a motion seeking collateral relief under 28 U.S.C. § 2255.  Movant is serving a sentence of 240 months imprisonment imposed in 2014 following movant's plea of guilty to wire fraud.  He presents three discernable claims.

I.  Limitation Of Claims

The types of claims a prisoner may assert to challenge a guilty plea and the resulting sentence are substantially more limited than the types of claims which may be brought after a trial by jury:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

1

1  nature improper as having no relationship to the prosecutor's
   business (e.g. bribes).

2

3  Brady v. United States, 397 U.S. 742, 755 (1970).

4      More generally, any claims which do not concern whether the prisoner entered his plea

5  voluntarily and intelligently are rarely cognizable in any federal habeas action.  See Boykin v.

6  Alabama, 395 U.S. 238, 242 (1969).  This is because:

7      [A] guilty plea represents a break in the chain of events which has
       preceded it in the criminal process.  When a criminal defendant has
8      solemnly admitted in open court that he is in fact guilty of the
       offense with which he is charged, he may not thereafter raise
9      independent claims relating to the deprivation of constitutional
       rights that occurred prior to the entry of the guilty plea.
10

11  Tollett v. Henderson, 411 U.S. 258, 267 (1973).

12      Where, as here, a defendant is represented by counsel during the plea process and enters

13  his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's

14  advice "was within the range of competence demanded of attorneys in criminal cases."  Mann v.

15  Richardson, 397 U.S. 759, 771 (1980).  To establish that a guilty plea was involuntary due to

16  ineffective assistance of counsel, movant must show that:  (1) counsel's recommendation to plead

17  guilty was not within the range of competence demanded of attorneys in criminal cases; and (2)

18  that there is a reasonable probability that, but for counsel's errors, movant would not have pled

19  guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

20      In addition to the generalized limitations on challenges to guilty pleas, in this case movant

21  waived his right to collaterally attack his conviction or sentence by way of a § 2255 motion in his

22  plea agreement.  The Ninth Circuit has found that a waiver of the right to file a § 2255 motion

23  made pursuant to plea negotiations is enforceable except with respect to a claim that the waiver or

24  plea was involuntary or that ineffective assistance of counsel renders the plea or waiver

25  involuntary.  See Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005) (plea agreement

26  waiving the right to file a federal habeas petition is unenforceable with respect to an ineffective

27  assistance of counsel claim challenging voluntariness of the waiver).

28  /////

2

1    II.  Movant's Claims

2         Movant's first claim concerns sufficiency of evidence.  By pleading guilty, movant

3    consented to being convicted of wire fraud and waived his right to trial thereby waiving any

4    challenge to the prosecution's evidence.  See Brady 397 U.S. at 748.  Movant's waiver of his

5    right to file a § 2255 motion also operates as a bar to movant's sufficiency of evidence claim as

6    that claim does not involve whether his plea of guilty or his waiver of the right to bring a § 2255

7    motion were involuntary.

8         Next, movant asserts attorney Johnny Griffin should have accepted, on movant's behalf, a

9    plea agreement whereby movant would serve 5 years imprisonment.  According to movant, the

10   offer was made to Mr. Griffin sometime after charges were filed against co-defendant Christopher

11   Jackson in November, 2010, but before movant was indicted in September of 2011.

12        First, there is no evidence that movant ever directed Mr. Griffin to accept the offer

13   described above, and movant does not allege that when he was informed about the plea

14   agreement, he wanted to accept it.  In any case, to the extent movant argues that Mr. Griffin

15   violated movant's Sixth Amendment right to effective assistance of counsel in any respect,

16   movant has no viable claim as that right does not attach until criminal proceedings commence "by

17   way of formal charge, preliminary hearing, indictment, information or arraignment."  U.S. v.

18   Hayes, 231 F.3d 663, 675 (9th Cir. 2000).  There is nothing before the court suggesting any offer

19   was made to Mr. Griffin with respect to movant after proceedings commenced.  In fact, the record

20   of this case shows that Mr. Griffin has never been movant's attorney of record in this action.

21        Finally, movant challenges certain aspects of his sentence.  None of the arguments

22   presented concern whether the entry of movant's plea of guilty was voluntary and intelligent.

23   Therefore, his claims are waived because movant pled guilty and because he waived his right to

24   raise the claims presented in a § 2255 motion in his plea agreement.[1]

25   /////

26   _____

27   [1]  Under his plea agreement, movant retained the right to appeal his sentence if the sentence
     imposed by the trial court was in excess of the statutory maximum.  Movant did not appeal his
28   sentence, and he does not argue here that his sentence is above the statutory maximum.  In fact, in
     his plea agreement, movant agrees that the maximum sentence was 20 years.  ECF No. 335-2 at 7.

III.  Conclusion

For all of the foregoing reasons, movant's motion for collateral relief under 28 U.S.C. § 2255 should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion for collateral relief under 28 U.S.C. § 2255 be denied; and

2. The Clerk of the Court be directed to close civil case No. 2:15-cv-1744 TLN CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 13, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bold0054.157