UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00054-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL BOLDEN, | |
| Defendant. | |

This matter is before the Court on Defendant Michael Bolden's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 457.)  The Government filed a non-opposition.[1]  (ECF No. 470.)  For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

---

[1]     The Government initially filed an opposition (ECF No. 470), but in light of Defendant's deteriorating health, filed a subsequent non-opposition brief.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2013, Defendant pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1341.  (ECF No. 157.)  On September 12, 2014, this Court sentenced Defendant to 240-month term of imprisonment, followed by a 36-month term of supervised release, $100 special assessment, and restitution.  (ECF No. 272.)  On February 26, 2015, this Court ordered Defendant to pay restitution in the amount of $22,213,109.10.  (ECF No. 322.)  Defendant is currently housed at FCI-Lompoc and has a projected release date of September 26, 2030, based upon application of good conduct time and First Step Act credits.  (ECF No. 470 at 3.)

On October 7, 2025, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 457.)  Defendant requests the Court reduce his imprisonment to time served because he is more than 65 years old, is experiencing serious deterioration in physical health, and has served at least 10 years in prison.  (ECF No. 457.)  Defendant notes that he has jaundice, acute abdominal infection, pelvic inflammatory disease, perforated bowel, necrotic/ischemic/infracted bowel, and benign prostatic hypertrophy, among other health issues.  (*Id.* at 7.)  At the time he submitted his motion, Defendant's medical records also indicated he had a pancreatic mass that was highly suspicious for cancer, along with an elevated cancer antigen test.  (*Id.* at 8.)

In its non-opposition, the Government states "the reality of [Defendant's] current medical diagnosis is very poor, moving him into the truly extraordinary category of compassionate release."  (ECF No. 475 at 1.)  The Government notes that on May 26, 2026, Defendant's counsel alerted the Government that Defendant had recently been diagnosed with stage IV pancreatic cancer with a poor prognosis.  (*Id.* at 1.)  The Government states that it has obtained updated BOP records for Defendant and confirmed this representation.  (*Id.*)

## II.   STANDARD OF LAW

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule whereby a district court may reduce a defendant's sentence if the following

conditions are met: "(1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

**III.    ANALYSIS**

    **A.    Exhaustion**

Relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). As a threshold matter, it is undisputed that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Defendant made a request to the warden on June 16, 2025. (ECF No. 457-4.) The warden denied Defendant's request on July 17, 2025. (ECF No. 457-5.) Because more than 30 days have elapsed since receipt of Defendant's request, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

    **B.    Extraordinary and Compelling Reasons**

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission's guidelines on compassionate release identify medical conditions that satisfy the "extraordinary and compelling" requirement.[2] U.S.S.G. § 1B1.13(b)(1). The "extraordinary and

---

[2] The Ninth Circuit has not confirmed whether the current version of U.S.S.G. § 1B1.13, amended November 1, 2023, is binding. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (explaining that the "[t]he Sentencing Commission's statements in [the prior version of] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The Court therefore relies on the current version of U.S.S.G. § 1B1.13 as persuasive, if not binding, authority. *See United States v. Singh*, No. 2:13-CR-00084-TLN-CSK, 2025 WL 1808413, at *2 (E.D. Cal. July 1, 2025) (discussing

compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* The "extraordinary and compelling" requirement may also be met where defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.*

Here, it is undisputed Defendant is suffering from a terminal illness, stage IV pancreatic cancer. (ECF No. 475 at 1.) According to BOP medical records, Defendant's "overall prognosis is quite poor given his STAGE IV Pancreatic Cancer and now ongoing decline." (*Id.* at 2.) The Government also notes that it received notification on June 16, 2026, from the BOP that the agency is considering Defendant for compassionate release in light of his "terminal medical diagnosis." (*Id.*) Accordingly, it is well-documented that Defendant is suffering from a terminal illness that qualifies as an extraordinary and compelling reason for the purposes of compassionate release.

C.    <u>18 U.S.C. § 3553(a) Factors</u>

Finally, the Court must consider the § 3553(a) factors before granting compassionate release. See 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds the § 3553(a) factors, specifically the need to provide Defendant with medical care in the most effective manner, weigh in favor of a time served sentence. The Court acknowledges that Defendant's victims continue to strongly oppose compassionate release. (ECF No. 475 at 2.) As this Court presided over the trial in the instant matter, the Court is well aware of the financial and emotional devastation Defendant inflicted on a number of innocent victims who did nothing more than to simply trust Defendant to responsibly and legally invest their money. However, given the weight of the medical evidence, Defendant's terminal condition supports a reduction in sentence. In light of his terminal

amendment).

4

condition, the Court finds the approximately 10 years Defendant has spent in prison constitutes a just punishment for his criminal offenses and is sufficient to deter such conduct in the future and protect the public from further crimes.

In sum, Defendant has shown extraordinary and compelling reasons for a sentence reduction in light of his terminal stage IV pancreatic cancer diagnosis. The Court also finds Defendant is no longer a danger to the community and the § 3553(a) factors support his release.

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release. (ECF No. 457.) Accordingly, the Court modifies Defendant's sentence of imprisonment to time served. Defendant shall begin serving his 36-month term of supervised release with standard conditions upon release. In accordance with the conditions of his supervised release, Defendant must report to the probation office in the district to which he is released within seventy-two hours of release. (ECF No. 326 at 3.) Further, the Court ORDERS Defendant to pay restitution in accordance with the restitution order set forth in the Amended Judgment. (*Id.* at 5, 7–12.) The Government shall serve a copy of this Order on the warden at FCI-Lompoc forthwith. Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

Date: July 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5